**Continuing Abatement Order filed December 6, 2022**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-22-00052-CR
_____

**WYATT ELLIS BUSBY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1535843**

## ABATEMENT ORDER

On August 18, 2022, we abated this appeal for a hearing in the trial court to determine the reason appointed counsel had failed to file a brief. On October 6, 2022, a reporter's record of a hearing held September 28, 2022, was filed. The hearing record reflects (1) no appellate counsel had, in fact, been appointed; (2) appellant desires to pursue his appeal; and (3) appellant is indigent.

On October 13, 2022, this court notified the trial court that no supplemental clerk's record containing the trial court's findings or order of appointment of appellate counsel had been filed. On November 17, 2022, this court ordered the judge of the 184th District Court to take such measures as may be necessary to assure effective representation of counsel, which may include the appointment of new counsel, make findings of fact and conclusions of law, enter any orders necessary, and order the trial clerk to forward a supplemental clerk's record containing the findings and conclusions and any necessary orders to be filed with the clerk of this court. As of this date, no response has been received.

We enter the following order:

We ORDER the judge of the 184th District Court to immediately conduct a hearing at which appellant and counsel for the State shall participate, either in person or by video teleconference, to determine whether appellant desires to prosecute his appeal, and, if so, whether appellant is indigent and, thus entitled to appointed counsel on appeal. The judge may appoint appellate counsel for appellant if necessary. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a record of the hearing and a supplemental clerk's record containing the findings and conclusions. The transcribed record of the hearing, the court's findings and conclusions, and a videotape or compact disc, if any, containing a recording of the video teleconference shall be filed with the clerk of this court within thirty days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will

also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

No hearing will be necessary upon the filing of an appointment of appellate counsel in a supplemental clerk's record in this court.

PER CURIAM

Panel Consists of Justices Wise, Jewell, and Poissant.